PER CURIAM.
Darrel Turnage challenges the trial court’s summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Turnage raises four grounds for relief, only one of which has merit. We reverse and remand for further proceedings on his fourth claim that his counsel was ineffective for failing to object to a sentence he contends is illegal due to an improper upward departure. We affirm Turnage’s remaining claims without discussion.
In its response below, the state contends that Turnage’s claim was properly denied because it should have been raised on appeal. The state provided no record attachments with its response. The trial court, adopting the state’s response, summarily denied Turnage’s motion. We disagree with the trial court’s order as to Turnage’s fourth claim.
Allegations of ineffective assistance of counsel for trial counsel’s failure to object to the reasons given to support an upward departure sentence is cognizable in a motion filed pursuant to Florida Rule of Criminal Procedure 3.850. See Pilkington v. State, 734 So.2d 1153 (Fla. 2d DCA), review denied, 744 So.2d 456 (Fla.1999).
On remand, the trial court shall either attach those portions of the record that conclusively refute this claim or, shall conduct an evidentiary hearing on them to determine whether counsel was ineffective.
REVERSED and REMANDED.
DELL, FARMER and SHAHOOD, JJ., concur.